IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00258-MR-WCM

| | |
|---|---|
| KERRY ADAM SHINE, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> MECKLENBURG COUNTY JAIL, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND RECOMMENDATION |

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for an initial review of Plaintiff's Complaint [Doc. 1] pursuant to 28 U.S.C. §§ 1915A and 1915(e).

I. Background

On June 15, 2021, Plaintiff Kerry Shine ("Plaintiff") was charged in a Bill of Indictment with possession of a firearm by a convicted felon (Count One) and possession of a firearm and ammunition by a convicted felon (Count Two), all in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 3:21-cr-00160-MOC ("CR"), Doc. 1: Bill of Indictment]. A warrant for Plaintiff's arrest was issued the same day and he was arrested on June 22, 2021. [CR Doc. 2: Arrest Warrant; 6/22/2021 CR Docket Entry].

On May 1, 2023, Plaintiff, appearing *pro se*, filed the instant action

pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff alleges that he was "seized" on June 22, 2021, and detained at the Mecklenburg County Jail in Charlotte, North Carolina, where his instant claims allegedly arose. [Id. at 6]. Plaintiff purports to state claims under the First Amendment for the denial of telephone communication with his family, inadequate response to Plaintiff's grievances, and denial of access to practice his religion; and under the Eighth Amendment for denial of medical assistance, having contracted COVID while being detained, unsanitary food storage and service practices, and cruel and unusual punishment. [Id. at 3, 6-9]. For instance, Plaintiff alleges that he never received his medications or "the correct medical attention required;" that he never received "a legitimate response towards the grievances [he] filed;" that he contracted COVID due to "jail officials over crowding the pod;" that his "phone pin was taken" when he was released from "the hole" into general population; that "news reports" said there were unsanitary conditions relative to food equipment; that food was old, served at room temperature, and "severly [sic] late;" and that he was not provided the means with which to practice his religion. [Id. at 6-9].

Plaintiff claims he has suffered weight loss, skin problems, severe pain in his back and knees, anxiety, and PTSD. [Id. at 3]. Plaintiff seeks $35

million in damages.[1]  [Id. at 5].

## II. Discussion

To state a claim under Section 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023).

Plaintiff's Complaint fails initial review in this regard. In the body of his Complaint, Plaintiff lists Garry McFadden as a Defendant, but the caption of the Complaint does not name McFadden.  See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity.").  As a

---

[1] On June 12, 2023, the Clerk docketed a filing by Plaintiff labeled "Review and appeal of a release or detention order" in which Plaintiff complains about allegedly unlawful searches, seizures, and detention in various criminal proceedings. [Doc. 8]. However, the document does not bear a caption or case number and it is not immediately apparent how it relates to the instant civil matter. Consequently, it has been disregarded in connection with the undersigned's initial review of Plaintiff's Complaint.

3

result, Plaintiff's allegations against McFadden – if any – should be dismissed.

Next, though the caption of the Complaint does reference the Mecklenburg County Jail, the jail is not a "person" for purposes of Section 1983 and therefore is not a proper party to this action. See <u>Brooks v. Pembroke Jail</u>, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989).

### III. Recommendation

For the reasons set forth above, the undersigned respectfully **RECOMMENDS:**

1. That Plaintiff's Complaint [Doc. 1] be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.
2. That Plaintiff be given **thirty (30) days** in which to file an Amended Complaint in accordance with the terms of this Order.
3. That Plaintiff be advised that:
   a. Any Amended Complaint will be subject to all timeliness and procedural requirements. Any Amended Complaint should contain a full description of his claims including clear, specific factual allegations of the conduct of each defendant that Plaintiff contends violated his rights, the date(s) on which the alleged conduct occurred, the specific constitutional

4

provision(s) or federal law(s) Plaintiff asserts were violated, and the relief he is requesting. Further, Plaintiff should note that he may not assert unrelated claims against unrelated defendants in a single matter. See Fed. R. Civ. P. 18(a); Fed. R. Civ. P. 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits").

b. If Plaintiff fails to file an Amended Complaint in accordance with this Order, this action may be dismissed without prejudice and without further notice to Plaintiff.

4. That the Clerk of Court be respectfully instructed to mail Plaintiff a blank Section 1983 complaint form along with a copy of this Order.[2]

Signed: July 26, 2023

W. Carleton Metcalf
United States Magistrate Judge

---

[2] A separate Order is being entered simultaneously herewith directing Plaintiff to advise of his new address or to confirm that he continues to reside at the Irwin County Detention Center.

# TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636 and Rule 72(b)(2) of the Federal Rules of Civil Procedure, written objections to any proposed finding of fact, proposed conclusion of law, or recommendation contained herein must be filed with the Clerk within **fourteen (14) days** of the service of this Memorandum and Recommendation. Failure to file objections to this Memorandum and Recommendation will constitute a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file objections to this Memorandum and Recommendation will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).